United States District Court        Southern District of Texas

| | | |
|---|---|---|
| Cedrick Upson, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-08-01449 |
| | § | |
| Allstate Indemnity Company, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

A passenger was denied recovery from the driver's father's insurance for uninsured motorists. He says the insurer breached the contract by failing to cover him. The insurer wins.

2. *Background.*

In April 2006, Cedrick Upson was a passenger in a truck when William Merrill drove it into a fence. It was a one-truck crash. Upson was hurt. Gaither Merrill, William's father, owned the truck. Allstate insured it.

Upson claimed damages over $250,000. Allstate paid him the $100,000 limit under Mr. Merrill's liability coverage. Upson says he should collect another $100,000 under coverage for uninsured motorists. Allstate denied this. Upson says he is a third-party beneficiary of the policy.

3. *Coverage.*

Allstate's policy says:

> We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury sustained by a *covered person* . . . .
>
> The owner's or the operator's liability for these damages must arise out of the ownership, maintenance or use of the *uninsured motor vehicle.*

(emphasis original).   *See* Def.'s Ex. B 28.

4. *Statute.*

The Texas Insurance Code describes that the coverage protects: "insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles damages for bodily injury . . . or [resulting from the] use of any motor vehicle." *See* Tex. Ins. Code § 1952.101 (a).

Liability coverage protects the insured from the consequences of his own negligence. Uninsured motorist coverage protects the insured, his family members, and anyone in his vehicle from the negligence of other uninsured or underinsured drivers. Vehicles owned by the insured cannot be underinsured. *See* Def.'s Ex. B 29. Even if the policy covering it is insufficient to pay a full loss, it is not an underinsured vehicle to a third-party claimant like Upson.

By definition, Mr. Merrill's truck is not uninsured. Because Upson's injuries were caused by William's own negligence while driving the truck, he is not within the coverage for uninsured motorists. *See Float-Away Door Co. v. Continental Cas. Co.*, 372 F.2d 701, 705 (5th Cir. 1966).

Allowing Upson to recover both liability and underinsured proceeds from Mr. Merrill's policy would convert the coverage for uninsureds who are hurt by a third-party into a second layer of liability insurance for third-parties. *See State Farm Ins. Co. v. Conn.*, 842 S.W.2d 350, 352 (Tex. App.–Tyler, 1992, writ denied). *See Brions v. State Farm Mut. Auto Ins. Co.*, 790 S.W.2d 70, 71 (Tex. App.–San Antonio 1990, writ denied). This is not the purpose of that coverage.

5. *Conclusion.*

Mr. Merrill's policy does not extend coverage for uninsured motorists to passengers in his truck. He paid a premium for liability coverage and a separate premium for uninsured motorists. *See* Def.'s Ex. B 2. Upson has received the limit for a third-party. He will take nothing from Allstate.

Signed on August 5, 2008, at Houston, Texas.

Lynn N. Hughes, USDJ
United States District Judge